# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA GARCIA, | CASE NO. 10cv1154-WQH-NLS |
| Plaintiff, | ORDER |
| vs. | |
| CHRISTOPHER BLAKE WEST, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis ("Motion to Proceed IFP") (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

## BACKGROUND

On May 27, 2010, Plaintiff Imelda Garcia, a nonprisoner proceeding pro se, initiated this action by filing a Complaint in this Court. (Doc. # 1). On May 27, 2010, Plaintiff filed the Motion to Proceed IFP and the Motion to Appoint Counsel. (Doc. # 2, 3).

## ANALYSIS

### Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

1   In an affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not
2   currently employed, but receives $760.50 each month in Social Security benefits. (Doc. # 2
3   at 2). Plaintiff states that she owns a 1994 Nissan Sentra, and has no other assets of value.
4   (Doc. # 2 at 2-3). Plaintiff states that she "contribute[s] 70-80% to [her daughter's] support."
5   (Doc. #2 at 3). The Court has reviewed Plaintiff's affidavit and finds it is sufficient to show
6   that Plaintiff is unable to pay the fees required to maintain this action. The Court grants the
7   Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## Initial Screening

9   After granting IFP status, the Court must dismiss the case sua sponte if the case "fails
10   to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun*
11   *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at anytime
12   that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.
13   12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir.
14   1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction").
15   Federal courts–unlike state courts–are courts of limited jurisdiction and lack inherent
16   or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which
17   the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v.*
18   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The presumption is that federal courts lack
19   jurisdiction over civil actions, and the burden to establish the contrary rests upon the party
20   asserting jurisdiction. *See id.* In the federal courts, subject matter jurisdiction may arise from
21   either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*,
22   482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction,
23   the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000,
24   exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of
25   a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a). To invoke federal
26   question jurisdiction, the complaint must allege that the "action[] aris[es] under the
27   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For example, to state
28   a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the defendant, acting

under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or a federal statute. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).

The Complaint states: "I, Imelda Garcia, am requesting a restraining order against Christopher Blake West, age 19 going on 20, for the purpose of keeping him away from my daughter, Xadiel Svenitza Zubiate, age 16. Their romantic relationship from two months ago to date, has led to sex and my daughter abusing alcohol and a cocktail of drugs, both of which he provides her with." (Doc. # 1 at 1).

The Complaint does not allege a basis for federal court subject-mater jurisdiction. The Civil Cover Sheet accompanying the Complaint states "diversity" and "1983," but the Complaint does not contain allegations sufficient to allege that the requirements of 28 U.S.C. § 1332 (diversity) or 42 U.S.C. § 1983 have been satisfied. The Court concludes that the Complaint must be dismissed for lack of subject matter jurisdiction.

**Appointment of Counsel**

In light of the Court's sua sponte dismissal of this action, Plaintiffs' request for appointment of counsel is denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice. No later than **THIRTY (30) DAYS** from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall sufficiently allege a basis for federal subject matter jurisdiction. If Plaintiff does not file an amended complaint within thirty days, the Court will order this case to be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: May 28, 2010

**WILLIAM Q. HAYES**
United States District Judge